Randy H. McMurray, Esq. (SBN 126888)
Email: RMcmurray@law-mh.com
Yana G. Henriks, Esq. (SBN 250638)
Email: YHenriks@law-mh.com
**McMURRAY HENRIKS, LLP**
5670 Wilshire Blvd., Suite 1450
Los Angeles, California 90036
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

Attorneys for Plaintiffs **RICHARD MARTIN FRANCO, JR. and YVONNE FRANCO**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARTIN FRANCO, JR., an individual; YVONNE FRANCO, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF WEST COVINA, a public entity, WEST COVINA POLICE DEPARTMENT, a public entity; MARC TAYLOR, individually and in his Official Capacity as Chief of Police of the West Covina Police Department, CORPORAL MIKE WEATHERMON, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Excessive Force; 42 U.S.C. § 1983;** <br> 2. **Excessive Force; 42 U.S.C. § 1983, *Monell*;** <br> 3. **Failure to Train, Supervise, and Discipline; 42 U.S.C. § 1983, *Monell*;** <br> 4. **Negligence;** <br> 5. **Battery;** <br> 6. **Violation of Cal. Civ. Code § 52.1;** <br> 7. **Loss of Consortium** <br><br> **DEMAND FOR JURY TRIAL** |

 **COME NOW PLAINTIFFS RICHARD MARTIN FRANCO, JR. AND YVONNE FRANCO** to complain of DEFENDANTS, and each of them, and alleges as follow:

*McMurray Henriks, LLP*
*5670 Wilshire Boulevard Suite 1450*
*Los Angeles, CA 90036*

**INTRODUCTORY STATEMENT**

1.      This is a civil rights action seeking monetary damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the wrongful use of excessive force against PLAINTIFF RICHARD MARTIN FRANCO, JR. (hereinafter "PLAINTIFF") on December 15, 2017.

**JURISDICTION**

2.      This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. § 1983 for violation of Plaintiff's rights as secured by the United States Constitution. This court has "Federal Question" subject matter jurisdiction over the parties and claims pursuant to 28 U.S.C. §1343(3) and 28 U.S.C. §1331. The Court has personal jurisdiction over the parties in that each defendant is a citizen of the state of California and a resident of the County of Los Angeles. Defendants performed all torts alleged herein in the County of Los Angeles.

**VENUE**

3.      Venue is proper in the Central District of California under 28 U.S.C. sections 1391 (a) and (b) in that the underlying acts and injuries upon which the present action is based occurred in the County of Los Angeles, California. Moreover, all of the defendants live and work in the County of Los Angeles.

**PARTIES**

4.      PLAINTIFF RICHARD MARTIN FRANCO, JR. is and was at all times relevant herein, an individual residing in the County of Los Angeles, State of California.

5.      PLAINTIFF YVONNE FRANCO is and was at all times relevant herein, an individual residing in the County of Los Angeles, State of California.

6.      Defendant CITY OF WEST COVINA (herein "CITY") is and was at all times relevant herein, a municipal corporation and political subdivision, organized and existing under the laws of the State of California, and owns, operates,

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

1   manages, directs and/or controls WEST COVINA POLICE DEPARTMENT

2   ("WCPD"), an operating department of the CITY.

3          7.     On June 13, 2018, PLAINTIFF presented Defendant CITY with a

4   Claim for Damages sustained as a result of the incident described in this Complaint

5   pursuant to California Government Code §§ 905, 910 et seq. Attached as Exhibit

6   "A" and incorporated herein by this reference is a true and correct copy of

7   PLAINTIFF'S Claim for Damages presented to CITY. As the date of the filing of

8   the instant Complaint, said Claim has been deemed denied by operation of law.

9          8.     Defendant WEST COVINA POLICE DEPARTMENT (herein

10  "WCPD") is and was at all times relevant herein, a municipal corporation and a

11  subdivision of the CITY.

12         9.     Defendant, MARC TAYLOR ("TAYLOR") at all materials times was

13  employed as Chief of Police of the WCPD by Defendant CITY. On information and

14  belief, Defendant TAYLOR is an employee of Defendant CITY and acts as a final

15  policymaker for Defendant WCPD on behalf of Defendant CITY. On information

16  and belief, Defendant TAYLOR is, and at all times mentioned in this Complaint

17  was, a resident of the County of Los Angeles, State of California.

18         10.    Defendant CORPORAL MIKE WEATHERMON

19  ("WEATHERMON"), is and at all pertinent times was, an individual employed in

20  the County of Los Angeles by Defendants CITY and WCPD and supervised and

21  controlled by Defendants CITY and WCPD, as well as through other CITY and

22  WCPD policymakers and managers.

23         11.    DOES 1 through 10, inclusive, are also those persons or entities whose

24  conduct caused the injuries and damages alleged herein. The true names and/or

25  capacities, whether individual, corporate, associate or otherwise of Defendants

26  DOES 1 through 10, inclusive, and each of them, are presently unknown to Plaintiff

27  who therefore sues said Defendants by such fictitious names.  Plaintiff is informed

28  and believes and thereupon alleges that each of the Defendants herein fictitiously

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

named as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred, and therefore, proximately caused the injuries and damages to Plaintiffs as herein alleged.  Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

12.    In doing the acts alleged in this complaint, DEFENDANTS, and each of them, were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of the CITY and the State of California and under the authority of their respective offices.

13.    DEFENDANTS, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named DEFENDANTS, and each of the DEFENDANTS had approved or ratified the actions of the other DEFENDANTS thereby making all named DEFENDANTS herein liable for the acts and/or omissions of their agents, servants and/or employees.

**FACTS COMMON TO ALL CAUSES OF ACTION**

14.    Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein

15.    On or around June 2018, a Los Angeles County Civil Grand Jury report titled "Policing the Police," notified Defendants CITY and WCPD of its investigation into concerns involving their use of force and supervision practices with regard to transparency of their citizen complaint process, among other issues.

16.    The Los Angeles County Civil Grand Jury report notified Defendants CITY and WCPD that their practices and policies regarding the use of force against

COMPLAINT FOR DAMAGES

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

citizens and recordkeeping regarding the same were deficient and routinely resulted in the lack of transparency.

17. The Los Angeles County Civil Grand Jury report notified Defendants CITY and WCPD of its findings that WCPD'S policies and practices regarding oversight and management of citizen complaints due to the use of force against citizens were deficient, unlawful, and encouraged a system of intimidation, resulting in the failure of Defendants CITY and WCPD to track complaints and their subsequent investigations, and those investigations weren't used to identify possible problematic trends within the department. The Los Angeles County Civil Grand Jury report recommended Defendants CITY and WCPD to remove warnings that may intimidate or discourage persons from making a complaint on complaint forms or related materials, develop a program or application for managing complaints and investigations, use findings resulting from investigations of citizen complaints to identify potential problems, and promote detailed and ongoing education and training in all aspects of their citizen complaint process in order to be in compliance with California Penal Code 832.5(a)(1).

18. On or about December 15, 2017, a victim made a false report, wherein PLAINTIFFS vehicle was singled out to be pulled over even though PLAINTIFF did not violate any California vehicle codes.

19. Defendant WEATHERMON activated his overhead code 3 lights along with the siren affixed to his police vehicle and PLAINTIFF pulled over and came to a stop.

20. Defendant WEATHERMON ordered the PLAINTIFF and the passengers in his vehicle to place their hands up and all the parties complied.

21. At the relentless insistence of one of the PLAINTIFF'S passengers, PLAINTIFF was forced to drive away and entered a Vons parking lot on Glendora Avenue, where one of the passengers exited. PLAINTIFF continued onto Glendora

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

COMPLAINT FOR DAMAGES

Avenue and came to a complete stop for the red light at the intersection of Glendora

Avenue and Cameron Avenue between two other stopped vehicles.

22.     Defendant WEATHERMON'S police vehicle struck the rear bumper of

PLAINTIFF'S vehicle and caused it to be pushed forward. The second passenger

then exited PLAINTIFF'S vehicle from the right passenger side. PLAINTIFF began

to drive the van forward when Defendant WEATHERMON exited the safety of his

vehicle and approached PLAINTIFF while the PLAINTIFF'S vehicle was still in

motion.

23.     Defendant WEATHERMON ordered PLAINTIFF to put his hands up

and simultaneously discharged 2 gunshots towards PLAINTIFF, striking him in the

head.

24.     At the time PLAINTIFF was shot, his vehicle was still in motion.

25.     At the time PLAINTIFF was shot, he was unarmed.

26.     On information and belief, a reasonable law enforcement officer would

not have discharged his or her service weapon and wounded PLAINTIFF under the

same circumstances because: (a) PLAINTIFF posed no real, immediate or

significant threat of death or serious bodily injury to the Defendants or the public;

(b) the severity of the crime at issue, if any, was not inherently dangerous, but

negligible; (c) there were several alternative means of responding to the situation

without using deadly force; and (4) Defendant WEATHERMON did not make sure

it was safe prior to exiting his vehicle and exposed himself to danger by approaching

the PLAINTIFF while the PLAINTIFF'S vehicle was still in motion.

27.     Immediately after PLAINTIFF was shot in the head by Defendant

WEATHERMON, PLAINTIFF was then transported to the hospital for medical

treatment.

28.     As a direct result of being brutally battered by DEFENDANTS, and

each of them, PLAINTIFF has lost the use of an eye and sustained severe damage to

his jaw. Due to injuries to his head, PLAINTIFF suffered from severe impairment of

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

COMPLAINT FOR DAMAGES

his cognitive faculties and memory that made it difficult for PLAINTIFF to reason, plan, and keep track of deadlines.

29.     As a direct and proximate result of DEFENDANTS' illegal, intentional, wanton, and brutal battery on PLAINTIFF's body, PLAINTIFF was required to and will continue to require medical care and treatment, including but not limited to, additional surgeries all to PLAINTIFF's detriment in an amount to be proven at trial.

30.     As a direct and proximate result of DEFENDANTS' illegal, intentional, wanton, and brutal battery on PLAINTIFF's body, PLAINTIFF was made sick and disabled, and caused to and did suffer and sustain serious medical injuries all to PLAINTIFF's further detriment in an amount to be proven at trial.

31.     In the treatment of his injuries, PLAINTIFF has incurred, is presently incurring and will continue to incur in the future, liability for services of physicians, hospital care, medicines, other medical treatments, and other financial losses, the true and exact amount which is currently unknown to PLAINTIFF at this time, all to PLAINTIFF's further detriment in an amount to be proven at trial.

32.     At all times relevant hereto, Defendant TAYLOR was responsible for the training of all officers of Defendants CITY and WCPD in the proper use of firearms in the performance of their duties as deputies. Defendant WEATHERMON was trained by the CITY and WCPD, at the direction, special insistence, and under the control of TAYLOR, in the use of firearms in accordance with the statutes, ordinances, regulations, customs, and usages of Defendants CITY and WCPD and the State of California. Defendant TAYLOR was also responsible for enforcing the regulations of the WCPD and for ensuring that law enforcement personnel of the WCPD obeyed the laws of the State of California and the United States of America.

33.     Defendants CITY, WCPD, and TAYLOR, by and through their supervisory employees and officials, have been on notice through complaints, both formal and informal, that its officers have repeatedly engaged in a pattern and

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

- 7 -
COMPLAINT FOR DAMAGES

practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the CITY, WCPD, TAYLOR and certain of the DOE DEFENDANTS, and each of them, demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate indifference of the Defendants amounts to an informal policy or custom, and ratification, said policy or custom ratified being another proximate cause of the injury of PLAINTIFF.

34.     As a direct and proximate cause of the acts alleged above, PLAINTIFF has had to hire the services of an attorney.  PLAINTIFF has incurred and continues to incur legal expenses, costs, and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).  PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

### FIRST CAUSE OF ACTION
### EXCESSIVE FORCE, 42 U.S.C. § 1983
### (Against All Defendants)

35.     Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

36.     Defendant WEATHERMON used force, including deadly force, to arrest and/or detain PLAINTIFF when he discharged his service weapon and severely wounded Plaintiff. Defendant WEATHERMON acted under color of law at all times relevant to this Complaint.

37.     On information and belief, a reasonable law enforcement officer would not have discharged his or her service weapon and wounded PLAINTIFF under the same circumstances because: (a) PLAINTIFF posed no real, immediate or significant threat of death or serious bodily injury to the Defendant

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

WEATHERMON or the public; (b) the severity of the crime at issue, if any, was not inherently dangerous, but negligible; (c) there were several alternative means of responding to the situation without using deadly force; and (d) Defendant WEATHERMON did not make sure it was safe prior to exiting his vehicle and exposed himself to danger by approaching the PLAINTIFF while the PLAINTIFF'S vehicle was still in motion.

38.   As a result, the use of deadly force was excessive and objectively unreasonable under the circumstances. The force used was also performed with a deliberate indifference to the safety and welfare of PLAINTIFF. Defendants' actions thus deprived Plaintiff of his right to be free from the use of excessive force by law enforcement and secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment of the United States Constitution.

39.   As a direct and proximate result of Defendants' deprivations and violations of PLAINTIFF'S Fourth Amendment rights, Plaintiff has suffered general and special damages according to proof at the time of trial.

40.   As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

41.   As a further result of the foregoing, Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

42.   In committing the acts described above, Plaintiff is informed and believes Defendant WEATHERMON acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendant WEATHERMON in an amount according to proof at time of trial.

///

///

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

1    ///

2    ///

3

### SECOND CAUSE OF ACTION

### EXCESSIVE FORCE, 42 U.S.C. § 1983, *MONELL*

### (Plaintiff v. CITY, WCPD, TAYLOR and DOES 1-10)

43.    Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

44.    Defendants CITY, WCPD, TAYLOR and DOES 1-10 maintained an unconstitutional custom, policy or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("*Monell*"), of detaining and arresting individuals with use of excessive and deadly force and depriving persons of life, liberty and property. Defendants failed to implement a program or application for managing complaints and investigations and to use the findings resulting from investigations of citizen complaints to identify potential problems. Defendants encouraged a policy of intimidation and did not address problems regarding the conduct of police officers in making arrests, specifically the taking of precautions by a police officer.

45.    Defendants either knew or had constructive knowledge that it should arm and train its law enforcement personnel against the use of unreasonable force and the requirement to take safety precautions by police officers when conducting an arrest. Defendants also either knew or had constructive knowledge they could save lives by training its officers in the safety precautions necessary to making an arrest. Despite having this knowledge, Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.

46.    The unconstitutional policy to correctly train police officers regarding their personal safety in the commission of an arrest was a direct cause of PLAINTIFF'S injury in this case.

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

47.     By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants CITY, WCPD, and TAYLOR acted with an intentional, reckless, and callous disregard for the life and constitutional and human rights of PLAINTIFF.

48.     The conduct alleged herein violated PLAINTIFF'S right alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

49.     As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

50.     Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

51.     In committing the acts described above, Plaintiff is informed and believes Defendant WEATHERMON and DOES 1-10 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendant WEATHERMON and DOES 1-10 in an amount according to proof at time of trial.

### **THIRD CAUSE OF ACTION**

### **FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. § 1983, *MONELL***

### **(Plaintiff v. CITY, WCPD, TAYLOR and DOES 1-10)**

52.     Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

53.     The CITY, WCPD, TAYLOR and DOES 1-10 as a matter of custom, practice, and policy, failed to maintain adequate and proper training for officers and law enforcement personnel in the WCPD necessary to educate the officers as to the Constitutional rights of arrestees, to prevent the consistent and systematic use of

excessive force by arresting officers, and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

54. The CITY, WCPD, TAYLOR and DOES 1-10 also failed to provide adequate supervision and discipline to officers and other law enforcement personnel that hold the power, authority, insignia, equipment and arms entrusted to them. Defendants also failed to promulgate and enforce adequate policies and procedures related to the safety of police officers in the act of making an arrest.

55. Said custom, practice, and policy included a failure to adequately investigate, supervise and discipline offending officers that fostered the custom, practice, and policy within the WCPD which resulted in the wrongful shooting of Plaintiff RICHARD FRANCO.

56. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

57. The failure to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the rights of Plaintiff and others in her position.

58. The constitutionally infirm lack of adequate training, supervision, and discipline as to the officers and law enforcement personnel in this case caused PLAINTIFF to suffer general and special damages according to proof at the time of trial.

59. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

60. Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

61. In committing the acts described above, Plaintiff is informed and believes Defendant TAYLOR and DOES 1-10 acted with oppression, fraud, or

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

malice, entitling Plaintiff to an award of punitive damages against Defendant TAYLOR and DOES 1-10 in an amount according to proof at time of trial.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

62.   Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

63.   On information and belief, a reasonable law enforcement officer would not have discharged his or her service weapon and wounded RICHARD MARTIN FRANCO, JR. under the same circumstances because: (a) RICHARD MARTIN FRANCO, JR. posed no real, immediate or significant threat of death or serious bodily injury to the Defendant WEATHERMON or the public; (b) the severity of the crime at issue, if any, was not inherently dangerous, but negligible; (c) there were several alternative means of responding to the situation without using deadly force; and (d) Defendant WEATHERMON did not make sure it was safe prior to exiting his vehicle and exposed himself to danger by approaching the PLAINTIFF while the PLAINTIFF'S vehicle was still in motion.

64.   Therefore, in committing the acts described above, Defendant WEATHERMON was negligent, careless, reckless and/or otherwise failed to meet his duties, non-delegable and otherwise, which it owed to Plaintiff RICHARD MARTIN FRANCO, JR.

65.   At all times material hereto the Defendant WEATHERMON knew or should have known that his failure to act reasonably when arresting or otherwise detaining Plaintiff RICHARD MARTIN FRANCO, JR., would result in serious bodily injury of Plaintiff.

COMPLAINT FOR DAMAGES

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

66.     As a direct and proximate result of the negligent and careless acts described above, Defendant WEATHERMON shot and severely injured RICHARD MARTIN FRANCO, JR. on December 15, 2017.

67.     As a direct and proximate result of the negligent and careless acts described above, Plaintiff RICHARD MARTIN FRANCO, JR. has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

68.     As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

69.     On information and belief, the wrongful acts and conduct of Defendant WEATHERMON, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of RICHARD MARTIN FRANCO, JR., entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

70.     The CITY and WCPD are vicariously liable for the wrongful acts of Defendant WEATHERMON pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## FIFTH CAUSE OF ACTION

### BATTERY

### (Against All Defendants)

71.     Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

72.     On December 15, 2017, Defendants CITY and WCPD, through their employee, Defendant WEATHERMON, intended to discharge and did discharge two bullets from his service weapon into the head of RICHARD MARTIN FRANCO, JR.

73.     Defendant WEATHERMON had ample time to deliberate before deploying deadly force and firing his service weapon and wounding PLAINTIFF.

74.     On information and belief, a reasonable law enforcement officer would not have discharged his or her service weapon and wounded PLAINTIFF under the same circumstances because: (a) PLAINTIFF posed no real, immediate or significant threat of death or serious bodily injury to the Defendants WEATHERMON or the public; (b) the severity of the crime at issue, if any, was not inherently dangerous, but negligible; (c) there were several alternative means of responding to the situation without using deadly force; and (d) Defendant WEATHERMON did not make sure it was safe prior to exiting his vehicle and exposed himself to danger by approaching the PLAINTIFF while the PLAINTIFF'S vehicle was still in motion.

75.     As a result, the use of deadly force was excessive and objectively unreasonable under the circumstances.

76.     PLAINTIFF did not consent to the use of that force.

77.     As a direct and proximate result of the assault and battery described above, PLAINTIFF underwent several emergency surgeries.

78.     As a direct and proximate result of the negligent and careless acts described above, PLAINTIFF has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

79.     On information and belief, the wrongful acts and conduct of Defendant WEATHERMON, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

reckless disregard for the rights and safety of PLAINTIFF, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

80.     Defendants CITY and WCPD are vicariously liable for the wrongful acts of Defendant WEATHERMON pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SIXTH CAUSE OF ACTION
## VIOLATION OF BANE ACT, CAL. CIVIL CODE § 52.1
### (Against All Defendants)

81.     Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

82.     Defendant WEATHERMON, while working as an officer for the CITY'S WCPD, and acting within the course and scope of their official duties, interfered with or attempted to interfere with the rights of PLAINTIFF to be free from unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

83.     On information and belief, PLAINTIFF reasonably believed that if he exercised his constitutional rights to be free from unreasonable searches and seizures and unreasonable excessive force, Defendant WEATHERMON would commit acts involving violence, threats, coercion or intimidation against her person.

84.     Defendant WEATHERMON injured PLAINTIFF, to prevent him from exercising her rights or to retaliate against Plaintiff for having exercised his rights.

85.     The conduct alleged herein violated PLAINTIFF'S right alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

86.    As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

87.    Defendants' violation of Plaintiffs' rights as guaranteed by Cal. Civ. Code § 52.1 entitles Plaintiffs to reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Code §§ 52.1, subd. (h), 52(b)(3).

88.    In committing the acts described above, Plaintiff is informed and believes Defendant WEATHERMON acted with a willful and conscious disregard of Plaintiff's rights as secured by Cal. Civ. Code § 52.1, thus entitling Plaintiffs to recover punitive damages pursuant to Cal. Civ. Code § 52, subd. (b)(1).

89.    Defendants CITY and WCPD are vicariously liable for the wrongful acts of Defendant WEATHERMON pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**SEVENTH CAUSE OF ACTION**

**LOSS OF CONSORTIUM**

**(Against All Defendants)**

90.    Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

91.    RICHARD MARTIN FRANCO, JR. and YVONNE FRANCO were lawfully married at all times relevant to this action, and now are husband and wife.

92.    On December 15, 2017, RICHARD MARTIN FRANCO, JR. was injured physically when he was unreasonably shot by Defendant WEATHERMON.

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

93.     As a direct and proximate result of Defendant's conduct, RICHARD FRANCO sustained severe and permanent injuries and damages, including the loss of an eye and extensive damage to his jaw.

94.     Before suffering these injuries, RICHARD MARTIN FRANCO, JR. was able to and did perform all the duties of a husband and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to plaintiff. As a direct and proximate result of the injuries, RICHARD MARTIN FRANCO, JR. has been unable to perform the duties of a husband in that he can no longer assist with housework, have sexual intercourse, participate in family, recreational, or social activities with YVONNE FRANCO, or contribute to the household income. Due to the nature of the injuries sustained by RICHARD MARTIN FRANCO, JR. and the severe physical and psychological strains they cause him, RICHARD MARTIN FRANCO, JR. is no longer able to provide YVONNE FRANCO with love, companionship, affection, society, moral support, and solace. Because of these injuries, RICHARD MARTIN FRANCO, JR. will be unable to perform these duties in the future.

95.     As a direct and proximate result of the afore-mentioned injuries suffered by Plaintiff YVONNE FRANCO'S spouse, RICHARD MARTIN FRANCO, JR., Plaintiff YVONNE FRANCO has been deprived, continues to be deprived, and expects to be deprived in the future, of her spouse's companionship, affection, love, sexual relations, conjugal fellowship, physical assistance in maintaining the family home and comfort for a non-determinable length of time, which deprivation has caused, continues to cause, and in the future is expected to cause YVONNE FRANCO to suffer depression, emotional distress, loss of earning capacity, past, present, and future, and other injuries, the full extent of which has not yet been ascertained, but which will be stated according to proof at trial.

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

96.     As a direct and proximate result of the negligent and careless acts described above, PLAINTIFF has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

97.     On information and belief, the wrongful acts and conduct of Defendant WEATHERMON, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of PLAINTIFF, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

98.     Defendants CITY and WCPD are vicariously liable for the wrongful acts of Defendant WEATHERMON pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages in a sum according to proof at the time of trial;

2. For special damages in a sum according to proof at the time of trial;

3. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

4. For costs of suit and reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. § 1988 and Cal. Civ. Code §§ 52.1 subd. (h), 52, subd. (b)(3).

5. For punitive damages as provided by law, including, but not limited to 42 U.S.C. § 1983, California Code of Civil Procedure § 337.34, and Cal. Civ. Code § 52, subd. (b)(1) against individual Defendants

WEATHERMON, and TAYLOR in an amount according to proof at
the time trial;

    6. For such other and further relief as the court deems proper.

DATED:    December 12, 2018        Respectfully Submitted,
**McMURRAY HENRIKS, LLP**

By: _____
Randy H. McMurray, Esq.,
Yana G. Henriks, Esq.
Attorneys for Plaintiff
**RICHARD MARTIN FRANCO, JR..
YVONNE FRANCO**

McMurray Henriks, LLP
5670 Wilshire Boulevard Suite 1450
Los Angeles, CA 90036

- 20 -

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

Plaintiffs RICHARD MARTIN FRANCO, JR. AND YVONNE FRANCO

hereby demand a trial by jury on all causes of action.

DATED:       December 12, 2018          Respectfully Submitted,
                                         **McMURRAY HENRIKS, LLP**

                                         By: _____
                                         Randy H. McMurray, Esq.,
                                         Yana G. Henriks, Esq.
                                         Attorneys for Plaintiff
                                         RICHARD MARTIN FRANCO, JR..
                                         YVONNE FRANCO